UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROLYN WALTERS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01599-JMS-MKK |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

While visiting a Wal-Mart Stores East, LP ("Wal-Mart") store, Plaintiff Carolyn Walters encountered a box and a trash can blocking the path of her shopping cart. When she tried to navigate around those obstacles, she encountered a clothing rack, which she claims caused her to fall. After breaking her femur and incurring nearly $120,000 in medical expenses, Ms. Walters sued Wal-Mart in Indiana state court. Wal-Mart removed the case to this Court on the basis of diversity jurisdiction and has filed a Motion for Summary Judgment, [Filing No. 26], which is ripe for the Court's review.

**I.**
**STANDARD OF REVIEW**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). "'Summary judgment is not a time to be coy.'" *King v. Ford Motor Co.*, 872 F.3d 833, 840 (7th Cir. 2017) (quoting *Sommerfield v. City of*

1

*Chicago*, 863 F.3d 645, 649 (7th Cir. 2017)).  Rather, at the summary judgment stage, "[t]he parties are required to put their evidentiary cards on the table." *Sommerfield*, 863 F.3d at 649.

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).  The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

Each fact asserted in support of or in opposition to a motion for summary judgment must be supported by "a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L.R. 56-1(e).  And each "citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence." *Id.*  The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 572-73 (7th Cir. 2017) (quotations omitted); *see also* Fed. R. Civ. P. 56(c)(3); S.D. Ind. L.R. 56-1(h).  Where a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the summary judgment motion. Fed. R. Civ. P. 56(e)(2).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision.  A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009).  In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005).

Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.
### STATEMENT OF FACTS

The following Statement of Facts is set forth pursuant to the standard detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. Am. Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

Ms. Walters has been a retiree for over ten years. [Filing No. 26-1 at 3.] On or about March 8, 2022, Ms. Walters visited a Wal-Mart store in Plainfield, Indiana. [Filing No. 26-1 at 3.] Ms. Walters had been to this specific store before and on this occasion intended to buy a pair of jeans. [Filing No. 26-1 at 4-5.] While looking for jeans, Ms. Walters "went back by the fitting room and was going to turn the corner." [Filing No. 26-1 at 5.] There, she encountered a large trash can and a box. [Filing No. 26-1 at 5.] She did not see those objects until she reached the end of the aisle. [Filing No. 26-1 at 5.] At that point in the aisle, "there was no way to turn around," and to do so, she would have to "walk backwards all the way." [Filing No. 26-1 at 5.] So Ms. Walters "went to go around the box and the trash can." [Filing No. 26-1 at 6.] In doing so, she states she "overcompensate[ed]" her turn, so the front of her shopping cart got "hung up on the clothing rack" "on the little knob" that "keeps the clothes from falling off." [Filing No. 26-1 at 6-8; Filing No. 26-1 at 11.] She "didn't anticipate hitting the rack." [Filing No. 26-1 at 11.]

Ms. Walters considered just "stand[ing] there" to see "[i]f somebody walked by . . . to ask them . . . to help [her] get it loose." [Filing No. 26-1 at 8.] But she ultimately thought that "[she] could just get it loose." [Filing No. 26-1 at 8.] Ms. Walters gave her cart "a little tug." [Filing No.

3

26-1 at 7.] Then, "all of a sudden," the cart "rolled back," "knocked" into her and "caused [her] to lose [her] balance and fall." [Filing No. 26-1 at 8.] She fell down onto her left side, and the cart fell on top of her. [Filing No. 26-1 at 9.] Upon falling, she "knew almost instantly [she] . . . couldn't move [her] leg," which "started hurting so bad." [Filing No. 26-1 at 10.] Someone wearing a Wal-Mart jacket "had to take the cart off of her," and call an ambulance. [Filing No. 26-1 at 10-14.] From the fall, Ms. Walters had broken her femur. [Filing No. 26-1 at 10.] Her medical bills have amounted to nearly $120,000. [Filing No. 26-2 at 7-8.] Ms. Walters stated that the box and the trash "shouldn't have been out there." [Filing No. 26-1 at 12.]

### III.
### Discussion

Wal-Mart argues that it "did not breach a duty of reasonable care to [Ms.] Walters." [Filing No. 28 at 5.] Wal-Mart states that it owed Ms. Walters a duty of reasonable care as an "invitee." [Filing No. 28 at 5.] Wal-Mart states that if "the trash can or the box," was a "dangerous condition," each was "plainly in the aisle and readily apparent to even the most casual observer," including Ms. Walters, "who acknowledged seeing them as she approached the end of the aisle, prior to her fall." [Filing No. 28 at 6.] Wal-Mart argues that it "had no reason to anticipate [Ms. Walters] would fail to recognize the presence of a trash can and box in the middle of an aisle and fail to protect herself against the risk of overcompensating her turn to go around them, getting her cart stuck on an apparel rack, causing her to attempt to set the cart free, losing her balance, and falling." [Filing No. 28 at 8.] Wal-Mart asserts that Ms. Walters "fell due to her own loss of balance and nothing more." [Filing No. 28 at 8.] Wal-Mart argues that, consequently, it did not breach the duty it owed Ms. Walters and Ms. Walters has not demonstrated proximate cause. [Filing No. 28 at 8-11.]

Ms. Walters responds that Wal-Mart breached its duty of care to her as an invitee. [Filing No. 31 at 3-4.] Ms. Walters argues that although "[a] landowner is not liable for injuries that are caused by conditions that are known or obvious," that does not apply when "the landowner can anticipate that injury despite the obviousness of the risk." [Filing No. 31 at 3-4.] Ms. Walters states that "factual circumstances may exist in which a court may find that a landowner's failure to take precautions or to warn may constitute a breach of duty because it was reasonably foreseeable that the invitee could suffer harm despite knowledge or obviousness of the risk." [Filing No. 31 at 4.] Ms. Walters argues that Wal-Mart "maintains large department stores and thus should have known there was the potential, even the likelihood, of dangers presented by the careless placement of store property"; that Wal-Mart breached its duty by "fail[ing] to mitigate the dangers posed by the rack and trash can in a heavily traversed area"; and that Ms. Walters "suffered demonstrable and significant injuries as a result," including "an emergency room visit via ambulance, and subsequent specialized treatment." [Filing No. 31 at 4-5.] Ms. Walters asserts that "[t]he question of openness or obviousness and [Wal-Mart's] anticipation of harm is not best settled by a summary judgement ruling." [Filing No. 31 at 5.] She states that the "danger" must be open or obvious, not simply the "instrumentality of that danger," so even if the rack and trash can were open or obvious, the "actual danger presented . . . is for a jury to consider." [Filing No. 31 at 6.]

Wal-Mart replies that Ms. Walters "does not present factual evidence to support her argument that Walmart should have realized the placement of a trash can and an apparel rack . . . involved an unreasonable risk to invitees." [Filing No. 32 at 2-3.] Wal-Mart states that the trash can and apparel rack were "plainly visible in the aisle and readily apparent to [Ms.] Walters," who had "been to this specific Wal-Mart on prior occasions and she testified that her cart got stuck on a knob on the apparel rack prior to her fall." [Filing No. 32 at 3.] Wal-Mart argues that Ms. Walters

"has brought forth no factual evidence to support that Walmart should have anticipated that [she] would not discover or realize the danger posed by the trash can and the apparel rack." [Filing No. 32 at 3.]

When the Court exercises diversity jurisdiction over an action, it is "obliged to apply state law to the substantive issues in the case." *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938)).  The parties do not dispute that Indiana law governs this action.  Accordingly, this Court must "apply the law that would be applied by the Indiana Supreme Court." *Lodholtz*, 778 F.3d at 639.  "If the Indiana Supreme Court has not spoken on the issue, [the Court] generally treat[s] decisions by the state's intermediate appellate courts as authoritative, unless there is a compelling reason to think that the state supreme court would decide the issue differently." *Id.*  Under Indiana law, "to recover on a negligence theory, a plaintiff must establish: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 19 (Ind. Ct. App. 2015).  The parties agree that Wal-Mart owed Ms. Walters a duty as an invitee, but they disagree over whether that duty was breached and whether Wal-Mart's alleged negligence was the proximate cause of Ms. Walters's injuries.  In Indiana, the Restatement (Second) of Torts provides the elements of a premises liability claim based on the condition of the land:

> A possessor of land is subject to liability for physical harm caused to [its] invitees by a condition on the land if, but only if [it]
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

6

*Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991) (quoting Restatement (Second) of Torts § 343 (Am. L. Inst. 1965)).

This liability, however, has a limit: if the property's condition is known or obvious to the invitee then the possessor of the land is not liable. Restatement (Second) of Torts § 343A(1). "Known" is a subjective standard; that is, a condition is "known" "if the [invitee] is both aware of the condition and appreciates its danger," including its "probability and gravity." *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 67 (Ind. 2018) (citing Restatement § 343A, cmt. b); *Miller*, 45 N.E.3d at 20). "Obvious" is an objective standard; that is, a condition is "obvious" "if both the condition and the risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor exercising ordinary perception, intelligence, and judgment." *Id.* (citing Restatement § 343A, cmt. b).

The above limit to liability itself has an exception: if the possessor of land "should anticipate the harm despite such knowledge or obviousness" then the possessor can be held liable. Restatement (Second) of Torts § 343A(1) (Am. L. Inst. 1965)). Liability can attach "where the possessor has reason to expect that the invitee's attention may be distracted," or where "advantages [of navigating the danger] would outweigh the apparent risk." *Weaver v. Speedway, LLC*, 28 F.4th 816, 821-22 (7th Cir. 2022) (quoting Restatement (Second) of Torts § 343A(1) cmt. f); *see also Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1267 (Ind. Ct. App. 2002) (holding that "in the proper case, a landowner may anticipate that a known or obvious danger will cause harm to the invitee when, for example, there is reason to expect that the invitee's attention may be distracted"). "The comparative knowledge of a possessor of land and an invitee . . . is properly taken into consideration in determining whether such duty was breached." *Smith v. Baxter*, 796 N.E.2d 242, 243 (Ind. 2003). Overall, viewed objectively, "[w]hat should the landowner expect

will not be discovered . . . ? And what should be obvious to the invitee . . . ?" *Roumbos*, 95 N.E.3d at 67.

Wal-Mart draws the Court's attention to *Maurer v. Speedway*, 774 F.3d 1132 (7th Cir. 2014). In that case, a customer fell down "while trying to maneuver around a retail display." *Id.* at 1133. That customer sued and lost at trial. *Id.* On appeal, the Seventh Circuit affirmed, holding that the defendant "had no reason to anticipate that [the customer] would not discover the condition and protect herself against it just as every other customer apparently did," since "[a] customer of reasonable prudence would readily observe the retail display and corresponding narrowed walkway." *Id.* at 1137. The Court notes that *Maurer* was on appeal from a jury verdict, which has a standard far more exacting than on summary judgment, including that "the record contains no evidence on which the court rationally could have based its decision." *Id.* at 1135. And the discussion in *Maurer* primarily concerned the exclusion of evidence at trial. *Id.* at 1137. To the extent the case discussed the trial's merits, at most, *Maurer* shows what a reasonable jury could find under similar facts – not what a reasonable jury could not find, which is Wal-Mart's burden on summary judgment.

And the *Maurer* jury's finding is not the only reasonable one when applied to this case. For example, in *Handy v. P.C. Bldg. Materials, Inc.*, 22 N.E.3d 603 (Ind. Ct. App. 2014), a customer visited a building-materials store that sold granite countertops which were kept outside. *Id.* at 604-05. One day, the customer got close to the countertops to take measurements, "then pulled the first countertop forward toward her body in order to measure the second countertop that was behind it. Because she moved the first countertop 'maybe an inch or so more past its balancing point' the granite became 'way too heavy'" and fell on her foot. *Id.* The customer sued and lost on summary judgment. *Id.* On appeal, the court assumed the customer was an invitee, held that "reasonable

8

people could differ as to whether the granite countertops represented a known or obvious danger to" the customer, and reversed the grant of summary judgment. *Id.* at 611. The court noted that even if the danger was obvious, jury questions remained as to whether the landowner "knew or by the exercise of reasonable care should have realized that the granite involved an unreasonable risk of harm to [the customer]," "should have expected that she would not realize the unreasonable risk of harm of moving, pulling, or tipping the granite forward," or "failed to exercise reasonable care to protect her against the danger." *Id.*

Like the customer in *Handy*, Ms. Walters was navigating conditions that might have been more dangerous than they appeared. A plaintiff's claim is not "barred through . . . a general awareness of a potential harm." *Get-N-Go, Inc. v. Markins*, 544 N.E.2d 484, 487 (Ind. 1989). So as to the "specific risk," potential questions for the jury include whether "by the time [Ms. Walters] had actual knowledge of the risk or extent of the . . . conditions . . . , there was no reasonable opportunity for her to avoid or escape the risk or the conditions under the circumstances," or whether Wal-Mart "should have anticipated that its customers would attempt" to go around the box and trash can, with which Wal-Mart might have blocked the path, leading them to a collision with a clothes rack and falling down. *Miller*, 45 N.E.3d at 23-24 (reversing summary judgment and ruling in favor of invitee who slipped on ice where defendant "should have anticipated that [the invitee] would attempt to walk from her vehicle back to the carport or sidewalk despite the obviousness of the danger"); *see also Hollowell v. Midwest Smorgasboard, Inc.*, 486 N.E.2d 16, 18 (Ind. Ct. App. 1985) (reversing summary judgment and ruling in favor of invitee who slipped in the bathroom where "a jury could reasonably infer that [the invitee] found himself in a position of peril from which he may or may not have expected to escape unharmed"). In short, genuine issues of material fact remain regarding whether Wal-Mart breached its duty to Ms. Walters.

These same questions of fact overlap with proximate cause. "A negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated." *Force v. New China Hy Buffet LLC*, 217 N.E.3d 1275, 1278 (Ind. Ct. App. 2023). Because it is a jury question whether Wal-Mart should have anticipated Ms. Walters's kind of injury with respect to navigating the box, trash can, and clothing rack, there is also a genuine issue of material fact regarding proximate cause. Even considering the role of Ms. Walters's overcompensating her turn and losing her balance, from the evidence presented, the Court cannot conclude that Ms. Walters solely caused her own accident.

### IV. CONCLUSION

While a jury may find Ms. Walter's to have some fault, she has presented admissible evidence from which a jury may conclude Wal-Mart does as well. Under Indiana's comparative fault law, it will be for a jury to decide the existence and extent of each party's fault. Consequently, the Court **DENIES** Wal-Mart's Motion for Summary Judgment, [26]. The Court requests that the magistrate judge confer with the parties about the possibility of an agreed resolution, or about establishing a schedule for trial.

Date: 6/26/2024

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Gore
KEN NUNN LAW OFFICE
dgore@kennunn.com

Macie Hinen
LEWIS WAGNER, LLP
mhinen@lewiswagner.com

Lesley A. Pfleging
LEWIS WAGNER, LLP
lpfleging@lewiswagner.com